IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DOMENICK M. MINIERO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-06-71-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| OLIVIA CRAVEN (D.P.C.), and KEN BENNETT (Warden), | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Clerk of Court previously conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

### REVIEW OF COMPLAINT

**A.     Standards of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

**INITIAL REVIEW ORDER  1**

who is immune from such relief. *Id.*

B.   **Factual Allegations**

Plaintiff alleges that Defendants are unlawfully requiring him to complete a religious-oriented rehabilitation program prior to being considered for parole. Plaintiff also asserts that he is suffering retaliation as a result of his complaints to prison officials about the program. Plaintiff requests injunctive relief.

C.   **Discussion**

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has stated a cognizable First Amendment establishment of religion claim, as well as a First Amendment retaliation claim, upon which he may proceed.

This Order does not guarantee that Plaintiff's claim will be successful; it merely finds that his claims are colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis of his claims during the course of this action so that Defendants can assert a proper defense.

## OTHER MOTIONS

A.   **Motion to Proceed in Forma Pauperis**

**INITIAL REVIEW ORDER  2**

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested in forma pauperis status. Based upon the information in Plaintiff's Affidavit and Trust Account Statement, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis and direct the Clerk of Court to effect service of the Complaint upon Defendants. Plaintiff will be required to pay the $250.00 fee in increments by automatic withdrawals from his Prison Trust Account, as reflected in the accompanying Order for Payment of Inmate Filing Fee.

**B.      Request for Appointment of Counsel**

In his Complaint (at p. 7), Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

The Court finds that Plaintiff's Complaint, liberally construed, states cognizable First Amendment claims upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits. The Court also

**INITIAL REVIEW ORDER  3**

finds that Plaintiff has articulated his claims sufficiently.  Based on the foregoing reasons, the Court shall deny Plaintiff's request for appointment of counsel.  If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Request for Appointment of Counsel (contained in his Complaint) is DENIED without prejudice.

IT IS FURTHER HEREBY ORDERED that Defendants shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b).  Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), and a copy of this Order, and a Waiver of Service of Summons to the following:

> **Paul Panther, Attorney General for the State of Idaho**
> Idaho Department of Corrections,
> 1299 North Orchard, Ste. 110
> Boise, Idaho 83706,

on behalf of Defendants Olivia Craven and Ken Bennett.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the

**INITIAL REVIEW ORDER  4**

opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

　　　　IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER  5**

IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.



DATED:  **April 13, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER  6**