IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DOMENICK M. MINIERO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-06-71-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| OLIVIA CRAVEN (D.P.C.), and KEN BENNETT (Warden), | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this case are the following Motions filed by Plaintiff: Motion for Temporary Restraining Order (TRO) (Docket No. 11), Motion to Amend Complaint (Docket No. 16), Motion Requesting Ruling on TRO (Docket No. 18), Motion for Hearing on TRO (Docket No. 19), and Motion for Leave to File Excess Pages re: Reply (Docket No. 31). Having reviewed the Motions and Responses, the Court concludes that oral argument is unnecessary. The Court also sets a pretrial schedule governing disclosures, discovery, and dispositive motions in this case. Accordingly, the Court enters the following Order.

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff alleges in his Complaint and in his Motion for TRO that Defendants unlawfully required him to complete a religious-oriented rehabilitation program prior to being considered for parole, and that they withdrew privileges from him when he refused

**ORDER  1**

to participate. Plaintiff also asserts that he suffered retaliation as a result of his refusal to complete the program.

**A.     Standard of Law**

A preliminary injunction may be granted if the moving party satisfies either the "traditional standard" or the "alternative standard" of law. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993). The traditional standard requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury,[1] or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Benda v. Grand Lodge of Internat'l. Ass'n. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979).

The Ninth Circuit has held that, in a prison setting, "putting substantial pressure on

---

[1] An irreparable injury is defined as an actual and concrete harm, or the imminent threat of an actual and concrete harm. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A threat of harm is not "imminent," if it is based upon remote possibilities or mere speculation. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 675 (9th Cir. 1988).

**ORDER  2**

an adherent to modify his behavior and to violate his beliefs infringes on the free exercise of religion." *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005) (internal punctuation and citations omitted).

**B.     Discussion**

In reviewing Plaintiff's request for a temporary restraining order (TRO), the Court looks at Plaintiff's current conditions of confinement, not those that existed at the time the alleged constitutional violation occurred, which will be addressed by the adjudication of his Complaint. The exhibits filed in support of Plaintiff's Motion for TRO show that Plaintiff has been offered the opportunity to participate in a non-religious program that is the substantial equivalent of the religious program to which Plaintiff is opposed. *See Exhibits to Plaintiff's Motion for TRO* (Docket 11-2). Plaintiff has refused to participate in this program. *See Exhibit to Reply*, at p. 12 (Docket No. 30-2). Because Defendants have already offered Plaintiff the object he seeks – a nonreligious program – he cannot show irreparable injury *or* causation.

Because Plaintiff is not presently being forced to choose between attending a religious program and forfeiting privileges, his claims are unlike those in *Warsoldier*. *See* 418 F.3d at 1001 ("Because his religion forbids him from cutting his hair, CDC's grooming policy forces Warsoldier to choose between following his religious beliefs and suffering continual punishment, and abandoning his religious beliefs to avoid such punishment."). The Court assumes that if Plaintiff is eligible for and agrees to participate in the non-religious program, he will also be eligible for reinstatement of appropriate

**ORDER  3**

privileges he is not receiving as a result of his refusal to participate in that program.[2]  The Court concludes on the facts in the record that Plaintiff has not made a showing of irreparable injury *caused* by Defendants.

Defendants' alleged actions of punishing Plaintiff for not participating in the religious-based rehabilitation program will be resolved when Plaintiff's case in chief is heard.  *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (because a preliminary injunction is an extraordinary remedy, it should not to be granted routinely, but only when the plaintiff, by a clear showing, carries its burden of persuasion on each of the required elements).

In his supplement, Plaintiff further contends that he received three disciplinary offense reports (DORs) that he believes were retaliatory.  Two of the DORs were dismissed, and Plaintiff pled guilty to the third DOR.  While a large number of DORs issued to the same inmate in a short period of time, even if dismissed, might show a pattern of harassment, here, these facts do not show support Plaintiff's claim of retaliation.  Two dismissed DORs are not enough to show a retaliatory pattern, and the third DOR was properly issued for Plaintiff's commission of an offense.  In addition, Plaintiff has not alleged or shown any causal connection between the named Defendants and the individuals involved in the incidents at issue.  Therefore, no temporary injunctive

---

[2]  Because Plaintiff has been reclassified to a higher custody level as a result of pleading guilty to a Disciplinary Offense Report (DOR), he may not be eligible for the program or for reinstatement of the same privileges he had before.  These issues will be resolved as part of Plaintiff's case in chief.

**ORDER  4**

relief is warranted on Plaintiff's supplemental claims.

As a result of pleading guilty to the third DOR, Plaintiff was reclassified to a higher custody level.  Plaintiff alleges that the change in classification level violates due process.  However, prisoners have no liberty interest in being classified at a particular level or in a particular institution within the prison system. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985).  In addition, the Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims).  No temporary relief is warranted on this claim.

In total, Plaintiff's allegations are insufficient to warrant a hearing on temporary injunctive relief.  As a result, his Motion for a Hearing on his Request for a Temporary Restraining Order is denied.

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff wishes to add a new defendant, Mark Halverson, whom he alleges had direct participation in the claims alleged.  He also wishes to add some clarification language and additional requests for relief.[3]  Defendants have no objection.  Good cause

---

[3] Plaintiff is advised that release on parole or outright release is not an available remedy in a civil rights action; such relief is available only through a habeas corpus action.

**ORDER 5**

appearing, the Motion shall be granted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order with supplement (Docket Nos. 11 and 24) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 16) is GRANTED.  Plaintiff shall file an amended complaint no later than **December 8, 2006.**

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall send a waiver of service of summons form and a copy of the amended complaint (when it is filed) to the current Defendants' counsel on behalf of Defendant Mark Halverson.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion Requesting Ruling on TRO (Docket No. 18) is GRANTED with the issuance of this Order.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Hearing on TRO (Docket No. 19) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Leave to File Excess Pages re: Reply (Docket No. 31) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the following pre-trial schedule shall govern this case:

1. **Disclosures, Completion of Discovery, and Requests for Subpoenas:**  All disclosures of relevant documents and discovery shall be completed on or

before **March 30, 2007.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **February 28, 2007.**  No requests for subpoenas duces tecum will be entertained after that date.

3. **<u>Depositions</u>**:   Depositions, if any, shall be completed on or before **March 30, 2007.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what

**ORDER 7**

       he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.    **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **May 31, 2007.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or**

**ORDER 8**

**handwritten, shall exceed 20 pages in length.**



DATED:  **November 9, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  9**