IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOMENICK M. MINIERO,               )<br>                                                        )<br>                    Plaintiff,         )<br>                                                        )<br>vs.                                                 )<br>                                                        )<br>OLIVIA CRAVEN (D.P.C.), and KEN  )<br>BENNETT (Warden),                       )<br>                                                        )<br>                    Defendants.      )<br>_____ ) | Case No. CV-06-71-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court are Plaintiff's Motion for Order to Compel Responses from Defendant Olivia Craven (Docket No. 73), Plaintiff's Motion for Copy of Deposition (Docket No. 74), and Defendants' Motion for Partial Summary Judgment (Docket No. 78). The Court previously extended the deadline for the filing of a response to the Motion for Partial Summary Judgment to March 31, 2008. Plaintiff has not filed a response. Therefore, the Court reviews the Motion on the filings that have been made to date.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.    Background**

Defendant Craven and Defendant Halverson move for summary judgment on all claims against them. All Defendants move for summary judgment on Plaintiff's claims for injunctive relief and portions of Plaintiff's retaliation claims. Plaintiff alleges that

**MEMORANDUM DECISION AND ORDER  1**

Defendants violated his constitutional rights when they required him to participate in Alcoholics Anonymous (AA) or Narcotics Anonymous (NA) prior to being released on parole.  AA/NA are offered as part of the Therapeutic Community (TC) Program.  Defendants allege that when Plaintiff entered the TC Program through the time he left the Program, the whole system was under "Tighthouse" status, meaning that no inmates actually participated in AA/NA during the time Plaintiff was in the TC Program.

Plaintiff voiced concern about the religious content of the TC Program.  Prison officials held a meeting with Plaintiff to address his concerns and let him know that they were designing a new secular component of the TC Program.  After the meeting, Plaintiff left the TC Program and was assigned to another housing unit.  Plaintiff was thereafter twice advised that the secular alternative to AA/NA was available in the TC Program, but he declined to re-enter the TC Program.  At a later date, Plaintiff did enter the TC Program and his parole request was granted.  Plaintiff is now on parole.

**B.**     **Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of

**MEMORANDUM DECISION AND ORDER  2**

identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

The law is clear that government coercion of attendance at Alcoholics Anonymous

**MEMORANDUM DECISION AND ORDER  3**

is a First Amendment violation.  *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007).  As early as 2001, the law was clearly established that coerced participation in AA/NA was unconstitutional based on the Establishment Clause.  *See id.*, 504 F.3d at 713-14.

**C.     Discussion**

   1.     Defendant Olivia Craven

Defendant Olivia Craven asserts that Plaintiff's claims for monetary damages against her are barred by the principle of absolute immunity. The United States Supreme Court has determined "that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993).  Defendants who "seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope." *Butz v. Economou*, 438 U.S. 478, 506 (1978).

In *Swift v. State of California*, 384 F.3d 1184 (9th Cir. 2004), the Ninth Circuit Court of Appeals outlined the reach of absolute immunity regarding parole decisions:

> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. *Martinez v. California*, 444 U.S. 277, 285 n. 11, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. *Anderson*, 714 F.2d at 909-10. Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions "to grant, deny, or revoke parole" because these tasks are "functionally comparable" to tasks performed by judges. *Sellars*, 641 F.2d at 1303; *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir.1991) (holding *Sellars* immunity encompasses actions "taken when processing parole applications"). Absolute immunity

**MEMORANDUM DECISION AND ORDER  4**

> has also been extended to parole officials for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole. *Anderson*, 714 F.2d at 909.
>
> We have also explained, however, that parole officials are not "entitled to absolute immunity for conduct not requiring the exercise of quasi-judicial discretion." *Id*. "There is no reason to clothe actions taken outside an official's adjudicatory role with the absolute immunity tailored to the demands of that role." *Id*.

*Id*. at 1188-89.

Based on this "function" test, it is clear that Olivia Craven, the Executive Director of the Idaho Parole Commission, is entitled to absolute immunity for her exercise of discretion in allegedly enforcing the policy requiring inmates to complete the AA/NA program in order to be eligible for parole. As a result, she is entitled to summary judgment.

      2.     <u>Defendant Mark Halverson</u>

Plaintiff has alleged that Defendant Mark Halverson verbally threatened and harassed him in the meeting held by prison officials regarding Plaintiff's First Amendment objections on January 3, 2006. Plaintiff admitted in deposition that Defendant Halverson did not threaten or harass him at any time other than the meeting. A one-time incident of verbal harassment, abuse, and threats, without more, is not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987). As a result, the Court concludes that Defendant Halverson is entitled to summary judgment.

**MEMORANDUM DECISION AND ORDER  5**

### 3. Injunctive Relief

Defendants argue that Plaintiff's injunctive relief claims are moot. The Court agrees. An inmate's transfer or release from prison renders his injunctive relief claims moot. *See Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995).

### 4. Retaliation

Defendants argue that the facts show that Plaintiff was not reclassified for a legitimate reason, rather than retaliation. Defendants have brought forward facts showing that Plaintiff received a Disciplinary Offense Report (DOR) for giving another inmate sunglasses that did not belong to Plaintiff, that Plaintiff pled guilty to the offense, and that Plaintiff was reclassified to medium security as a result of the DOR. Plaintiff has not disputed these facts. As a result, the Court finds that Plaintiff has failed to show that he can meet the essential elements of his case, including that the action [transfer and reclassification] was taken in retaliation for the "prisoner's protected conduct," and "that the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). As a result, Defendants are entitled to summary judgment.

## D. Conclusion

Based on the foregoing, the Court grants Defendants' Motion for Partial Summary Judgment. The Court previously dismissed Plaintiff's claims against Corrections Corporation of America (CCA) and Michele Slay (Docket No. 62). Remaining

**MEMORANDUM DECISION AND ORDER  6**

unresolved are claims against Warden Ken Bennett.  It is unclear whether Plaintiff wishes to proceed with this action.  Plaintiff is ordered to file a "notice of intent to proceed" no later than May 9, 2008.  If Plaintiff files nothing further in this case, the remaining claims will be dismissed without prejudice.

**E.      Other Pending Motions**

Plaintiff has filed a Motion to Compel, arguing that Defendant Craven has been evasive by responding to his discovery with an objection *and* a response, or by responding that an interrogatory is "compound, vague, ambiguous, irrelevant, non-specific, and argumentative; and therefore is incapable of a response" (Docket No. 73-5, p. 16).  Plaintiff may not be aware that parties are permitted to answer in this manner to preserve their objections, because failure to set forth a party's objections may result in significant legal consequences at trial.  The Court has reviewed Defendant's answers and finds them appropriate under the circumstances.  Defendant has stated that she has produced 289 pages of documents in response to Plaintiff's Request for Production, and that nothing further exists.  The Court cannot compel a party to produce what she does not have.  For all of these reasons, Plaintiff's Motion shall be denied.

Plaintiff has also requested that Defendant provide him with a copy of his own deposition.  Defendant argues that doing so would allow Plaintiff to circumvent payment to the Court Reporter for the copy.  Now that Plaintiff is on parole, he may not be qualified to continue his in forma pauperis status.  Because Plaintiff has not provided updated financial information to the Court since his release, the Court will presently

**MEMORANDUM DECISION AND ORDER  7**

consider Plaintiff's Motion moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Order to Compel Responses from Defendant Olivia Craven (Docket No. 73) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Copy of Deposition (Docket No. 74) is MOOT.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment (Docket No. 78) is GRANTED.  The following claims are dismissed with prejudice: claims for monetary damages against Olivia Craven, claims against Mark Halverson, claims for injunctive relief, and claims that Plaintiff's transfer and reclassification after his August 2006 DOR were retaliatory.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file a "notice of intent to proceed" no later than **May 9, 2008.** If Plaintiff files nothing further in this case, the remaining claims shall be dismissed without prejudice.

DATED: **May 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER  9**